UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SUZELLE DENISE LYONS,  Case No.: 07-44549
                       Chapter 7
Debtor.                Honorable Walter Shapero
_____/

**OPINION IN CONNECTION WITH DEBTOR'S MOTION FOR DAMAGES AND ATTORNEY'S FEES UNDER 11 U.S.C. § 524**

Debtor has moved for an order requiring a creditor to cease collection efforts and for attorney fees and damages, including punitve damages, incident to certain post discharge collection efforts ("Motion"). Debtor filed her petition in this chapter 7 case on March 8, 2007, listing one Rula Mahayni, MD, as a creditor ("Creditor") owed $7,270.26 for medical bills incurred in 2006. Proofs of service of the 341 notice indicate service by mail on the Creditor on March 10, 2007. The 341 creditors meeting was set for April 4, 2007, and the deadline to file a complaint to determine debt non-dischargeability was June 4, 2007. Creditor neither appeared at the 341 meeting nor filed a complaint to determine the debt non-dischargeability. The order affecting Debtor's discharge was entered on June 5, 2007. That order which was served on Creditor on June 7, 2007, contained the standard language stating that collection of discharged debts was prohibited and indicated the remedies for violation of that prohibition. Soon after June 22, 2007, Debtor received an invoice dated June 22, 2007, addressed to her from Oakland Infectious Disease Associates for a "previous balance" of $7,270.26. The invoice also referred to Rula Mahayni as being the specific doctor who apparently was a member of or associated with that entity and who apparently performed the services involved. The invoice indicated that the balance was 120 plus days past due and asked that checks be made

1

payable to Oakland Infectious Disease Associates, and, stated "Payment due upon receipt of statement." On it was a stamp which said "Final Notice; if we do not hear from you within 10 days, this account will be turned over to our collection agency." Handwritten on the face of the invoice was a further notation: "We received your Bankruptcy paper and we spoke to them. These services you received checks for." Debtor's Motion was filed on July 18, 2007. Creditor did not respond to the Motion and Debtor filed a no objection certificate. The Court ordered a hearing on the Motion which was conducted on August 23, 2007, primarily for the purpose for determining the amount and nature of any appropriate damages or other relief. Additional facts adduced at the hearing were that the said invoice was the only collection effort attempted by the Creditor, post filing - there having been no post filing oral or other communications with a debtor on the subject either before or after the invoice. Debtor's attorney filed an affidavit affirming his statement at the hearing that the time spent by him in connection with the matter was $1,000, and stated at the hearing that as a result of receipt of the invoice his client had expressed mental anguish and concern about being subject to collection efforts by the Creditor, notwithstanding that thereafter she had been reassured by her attorney about the indicated prohibition against further collection efforts. Debtor's attorney also indicated Debtor at some point had received certain monies from her medical insurer in respect to the services covered by the invoice some, but not all of which she had paid over to the Creditor.

The 11 U.S.C. § 524(a)(2) prohibition by its very terms operates as a statutory injunction against collection efforts on a discharged debt. There can be no argument that the sending of the invoice in this case violated that injunction. Such violations are treated as a form of civil contempt usually remediable and dealt with by awarding of appropriate costs and damages and/or such other relief as should be tailored to the circumstances in question and which offer to the contemnor the

ability to purge itself of the contempt and bring itself into compliance. Applying those principles in this situation, the Court concludes that Debtor is entitled to: (1) Costs and attorney fees in the amount of $1,000, payable within 30 days by either Rula Mahayni or Oakland Infectious Disease Associates; and (2) a written statement signed by both of them and delivered contemporaneously with the indicated payment stating affirmatively that they will not in any way further pursue collection of that debt and will otherwise comply with the statutory prohibition against doing so. The Court has further concluded that Debtor is not awarded any actual or punitive damages because: (1) the nature, proof, and extent of any actual damages fail to meet the required standard of proofs of such, either in existence or amount; and (2) the nature and extent of the infraction and the lack of any pattern or repetition of conduct are such as make any punitive damages award inappropriate and unnecessary to achieve remedial and preventive purposes of civil contempt - the more appropriate remedy tailored to the circumstances of this case and Debtor's concerns in particular being the indicated written statement.

Debtor shall prepare and present an appropriate order and presentment is waived.

**Signed on September 07, 2007**

                                             **/s/ Walter Shapero**
                                     **Walter Shapero**
                                     **United States Bankruptcy Judge**